**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| IN RE:<br>ADMINISTRATIVE SUBPOENA NO.<br>HSI-CN-2024-022478-001 | Case No. 24-MJ-5009-MAS<br><br>**Filed Under Seal** |

**APPLICATION FOR NONDISCLOSURE ORDER**

The United States requests that the Court order Google, LLC ("Google") not to notify any person (including the subscribers and customers of the accounts listed in the subpoena) of the existence of subpoena for a period of one year, which may be extended by further motion.

Google is a provider of electronic communication services, as defined in 18 U.S.C. § 2510(15), and/or a remote computer services, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires Google to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing

investigation. This case involves the investigation into labor trafficking. Most of the records are stored electronically. Thus, if alerted to the existence of the subpoenas, the subjects under investigation could destroy the evidence, including information saved to their personal electronic devices.

Because this investigation is presently covert, notice of the existence of the attached subpoena could seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses. *See* 18 U.S.C. § 2705(b).

The investigation is broad, long-term, and complex. The demands of the investigation are great, and a one-year term on the nondisclosure order addresses concerns over both the privacy of the accountholders of the accounts subject to the subpoena issued in the above-cited matter and the ability of investigators to continue their progress.

WHEREFORE, the United States respectfully requests that the Court grant the order directing Google not to notify any person, including the subscribers or customers of the account(s) that are the subject of the subpoena, of the existence of the subpoena for one year from the date of the order, unless extended, except that Google may disclose the subpoena to an attorney for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to

all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure might seriously jeopardize that investigation.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By: s/ Erin M. Roth
Erin M. Roth
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612